GUST ROSENFELD P.L.C.
One E. Washington, Suite 1600
Phoenix, AZ 85004-2553
(602) 257-7989 (tel.)
(602) 254-4878 (fax)

Robert C. Williams 033213
*rwilliams@gustlaw.com*
PR #: C.284-519

Retained Counsel for Creditor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Bk. No. 2:23-bk-03040-DPC |
| HEIDI C. HOLDER *fka* HEIDI ENGELHARDT *aka* HEIDI AMBROSE, | Chapter 13 |
| Debtor. | OBJECTIONS TO PROPOSED MODIFIED CHAPTER 13 PLAN AND CONFIRMATION THEREOF |

Consumers Credit Union, a creditor in the above-entitled Bankruptcy proceeding, its assignees and/or successors in interest, holds the lien on the subject Vehicle generally described as a **2019 Chevorlet Equinox, VIN 3GNAXHEV9KS680888** ("the Vehicle") and hereby submits the following objections to the confirmation of that certain Modified Chapter 13 Plan (the "Plan") proposed by Debtor:

### FAILURE TO PROPERLY VALUE

Creditor objects to the valuation of the subject Vehicle because the proposed Chapter 13 Plan values the Vehicle at $13,062.00. According to the JD Power Used Car Guide (Market Report), the actual retail value of the collateral is $20,125.00 (see **Exhibit "A"**, attached hereto and made a part hereof). Pursuant to 11 U.S.C. § 506(a)(2), if the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed

1

claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

## FAILURE TO PROVIDE AN APPROPRIATE RATE OF INTEREST

Debtor's plan proposes to pay interest on Secured Creditor's claim at 7.75%. In *Till v. SCS Credit Corp., Till v. SCS Credit Corp.* 541 U.S. 465; 124 S.Ct. 1951 (2004), the Supreme Court utilized the "formula approach" to determine the proper rate of interest. This approach, outside of Bankruptcy, looks to ordinary lending practices and the national prime rate, which reflects the financial market's estimate of the amount a commercial bank would charge a creditworthy commercial borrower to compensate for the loan's opportunity costs, the inflation risk, and the relatively slight default risk. The Supreme Court has decided that a bankruptcy court is then required to adjust this to account for the greater nonpayment risk that bankrupt debtors typically pose. In order to determine the appropriate risk adjustment, factors such as the estate's circumstances, the security's nature, and the reorganization Plan's duration and feasibility must be analyzed. The Courts routinely add 2% to the national prime rate to accomplish such a risk adjustment. The national prime rate of interest was 8.5% on the petition date. The resulting interest rate in this case would be 10.50%. The subject Plan does not provide Objecting Secured Creditor with any appropriate interest rate based on an appropriate risk adjustment

## CONCLUSION

Any Chapter 13 Plan proposed by Debtor must provide for and eliminate the objections specified above in order to be feasible and to provide adequate protection to this objecting

Creditor. It is respectfully requested that confirmation of the Chapter 13 Plan, as proposed by Debtor, be denied.

WHEREFORE, Creditor prays as follows:

(1) That confirmation of the proposed Modified Chapter 13 Plan be denied.

(2) That confirmation of the proposed Modified Chapter 13 Plan be continued until after this Creditor's objection is resolved.

(3) For attorneys' fees and costs incurred herein.

(4) For such other relief as this Court deems proper.

Dated: November 13, 2024 GUST ROSENFELD, P.L.C.

By /s/ *Robert C. Williams*
Robert C. Williams, #033213
Retained Counsel for Creditor

ORIGINAL electronically filed with
the U.S. Bankruptcy Court, District
of Arizona, this 13th day of November, 2024,
at: https://ecf.azb.uscourts.gov.

COPIES of the foregoing mailed
via electronic or U.S. Mail this
13th day of November, 2024, to:

Heidi C. Holder
POB 1461
Pine, AZ 85544
*Debtor*

Thomas Adams Mcavity
Phoenix Fresh Start Bankruptcy Attorneys
4131 Main Street
Skokie, IL 60076-2780
*Attorney for Debtor*

Russell Brown
3838 N. Central Ave., Ste. 800
Phoenix, AZ 85012
*Chapter 13 Trustee*

| | |
|---|---|
| 1 | Rachel Elizabeth Flinn |
| 2 | Russell Brown, Chapter 13 Trustee<br>3838 N. Central Ave., Suite 800 |
| 3 | Phoenix, AZ 85012<br>*Attorney for Chapter 13 Trustee* |
| 4 | |
| 5 | United States Trustee<br>230 North First Avenue, Suite 204 |
| 6 | Phoenix, AZ 85003 |
| 7 | */s/ Joslin Vega* |

4